Guadalupe Isabel Castillo **PEREYRA**, surviving spouse of the deceased, Juan Pinacho Rodriguez, on behalf of herself and Luis Armando Pinacho, a minor child, Plaintiffs–Appellants,

v.

**UNITED STATES of America**, Defendant–Appellee.

No. 08–17575.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2009.

Decided Feb. 3, 2010.

William J. Risner, Esquire, Risner & Graham, Tucson, AZ, for Plaintiff–Appellant.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

Charles Alexander Davis, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Defendant–Appellee.

Before: O'SCANNLAIN, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

Guadalupe Isabel Castillo Pereyra and Luis Armando Pinacho (collectively Appellants) appeal from the district court's decision that it lacked jurisdiction over Appellants' wrongful death action.

If the discretionary function exception to the Federal Tort Claims Act applies, the district court correctly determined that it lacked subject matter jurisdiction. *See Sigman v. United States*, 217 F.3d 785, 793 (9th Cir.2000), *as amended.* The exception applies if: 1) the government action involves exercise of discretion, and 2) the discretion involves "considerations of social, economic, and political policy ..." *Alfrey v. United States*, 276 F.3d 557, 561 (9th Cir.2002) (citation omitted). Whether and when to remove an illegal alien from within this country's borders is a matter committed to the sole discretion of immigration officials. *See Martinez–Garcia v. Ashcroft*, 366 F.3d 732, 735 (9th Cir.2004). Moreover, immigration matters affect core political considerations. *See Mercado–Zazueta v. Holder*, 580 F.3d 1102, 1112 (9th Cir.2009). Finally, the INS Detention Standard did not "specifically prescribe[ ]

a course of action" so as to deprive the Border Patrol agents of discretion. *Alfrey,* 276 F.3d at 561 (citation omitted).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.